IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER BROWN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 09-3892 |
| | : | |
| DAVITA INC., CHRISTOPHER PAUL, | : | |
| LINDA GAETO AND JILL TORTUAL, | : | |
| Defendants. | : | |

**DuBOIS, J.**                                                                                                    **November 10, 2011**

# M E M O R A N D U M

## I.   Introduction

Plaintiff Jennifer Brown filed this case against her former employer, DaVita Dialysis ("DaVita"), and DaVita employees Christopher Paul, Linda Gaeto, and Jill Tortual ("the DaVita employees"). Plaintiff contends that DaVita discriminated against her on the basis of her race and retaliated against her when she complained about the alleged discrimination. She also alleges that the DaVita employees defamed her by making baseless disparaging statements about her abilities as a nurse.

Presently before the Court is Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Defamation Claim. For the reasons stated below, the Court grants defendants' motion.

## II.   Background[1]

DaVita employed plaintiff as a staff nurse at a dialysis clinic in Philadelphia. (Compl. ¶ 14.) Plaintiff, an African-American woman of Jamaican origin, worked for DaVita from January 9, 2007, until defendant Paul terminated her on November 1, 2007. (Id. ¶¶ 14, 21.) Plaintiff alleges that she was subject to racial discrimination at DaVita, especially while she was

---

[1] As required on a motion for judgment on the pleadings, the Court takes all plausible factual allegations contained in plaintiff's Complaint to be true. In this Memorandum, the Court sets forth only the facts relevant to plaintiff's defamation claim, Count VII of the Complaint.

under defendant Paul's supervision from September to November 2007.  (Id. ¶¶ 15-17.) Plaintiff also alleges that the DaVita employee defendants defamed her on three occasions during her employment at DaVita:

(1) On November 5, 2007, "in front of the staff and all the patients," defendant Paul stated that plaintiff "would not take responsibility for [her] arguments with Gaeto," "was at fault for the problems with Gaeto," "was not a good employee," "was not a fit in the unit," and "was too negative."  (Id. ¶ 19a.)

(2) On October 29, 2007, in plaintiff's presence and in front of plaintiff's patient Z.T., who was receiving dialysis, defendant Gaeto said "[t]hat's some scary shit" in reference to something on plaintiff's computer.  (Id. ¶ 19b.)

(3) On an unknown date, defendant Tortual said to defendant Paul and plaintiff that plaintiff "did not know how to do her work."  (Id. ¶ 19c.)

Plaintiff "stated to [defendant] Paul during their termination meeting that he was slandering her and that she would retain an attorney."  (Pl. Jennifer Brown's Reply Opp'n Defs.' Mot. J. Pleadings ("Pl.'s Reply Mem.") 8.)  Plaintiff submitted a verified complaint to the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on or about December 13, 2007. (Compl. ¶ 9.)  Her complaint included "extensive discussion" of the alleged defamatory statements.  (Pl.'s Reply Mem. 9.)

The EEOC took no action on plaintiff's claim and issued her a right-to-sue letter, which she received on June 1, 2009.  (Compl. ¶ 10.)  Likewise, the PHRC took no action on plaintiff's claim, and the one-year period it had to do so expired on December 14, 2008.  (Id. ¶ 11.)  Despite what she told defendant Paul, plaintiff did not retain a lawyer until she received the right-to-sue letter. (Pl.'s Reply Mem. 8.)  Plaintiff filed her Complaint in this case on August 26, 2009.

Defendants argue that they are entitled to judgment on the pleadings on plaintiff's defamation claim because the claim is untimely under Pennsylvania's one-year statute of limitations for defamation actions. (Defs.' Mem. L. Supp. Mot. J. Pleadings Pl.'s Defamation Claim ("Defs.' Mem.") 3-4.)[2] Plaintiff responds that the statute of limitations was tolled because her complaint with the EEOC was timely and because she did not know of the statute of limitations "until she learned of the existence of [a defamation] claim from her counsel," whom she retained after receiving the right-to-sue letter in June 2009. (See Pl.'s Reply Mem. 9-10.)

### III.  Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Bangura v. City of Phila., 338 F. App'x 261, 264 (3d Cir. 2009) (citing Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). A motion for judgment on the pleadings will only be granted if "the plaintiffs would not be entitled to relief under any set of facts that could be proved." Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001). In determining whether a plaintiff has stated a claim for relief, the court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the nonmoving party. Inst. for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991).

A motion for judgment on the pleadings, like a motion to dismiss, tests the legal sufficiency of a claim in light of the facts pled in the complaint. "A motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" Bangura, 338 F. App'x at 264

---

[2] Alternatively, defendants argue that judgment on the pleadings is appropriate because plaintiff has failed to state a defamation claim. (Defs.' Mem. 4-8.) The Court does not reach this issue because it concludes that plaintiff's defamation claim is time-barred.

(quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).  In other words, a claim must contain "'enough factual matter (taken as true) to suggest'" the elements of the claims asserted.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965).

**IV.    Discussion**

The statute of limitations for a defamation claim is one year.  42 Pa. Cons. Stat. § 5523(1).  The statute of limitations begins to run when the alleged defamatory statement is uttered.  See Spain v. Vicente, 461 A.2d 833, 837 (Pa. Super. Ct. 1983); see also Smith v. IMG Worldwide, Inc., 437 F. Supp. 2d 297, 305-06 (E.D. Pa. 2006).  Plaintiff alleges that defendants uttered the defamatory statements on October 29, 2007; November 5, 2007; and some unspecified date before her termination on November 1, 2007.  (Compl. ¶ 19.)  Thus, absent any tolling of the statute of limitations, plaintiff's claim expired on November 5, 2008, which is one year after the last statement and approximately nine and a half months before she filed her Complaint in this case on August 26, 2009.[3]  Plaintiff concedes this point and argues that equitable tolling applies.  (Pl.'s Reply Mem. 8-11.)

Plaintiff first contends that she timely filed an EEOC complaint mentioning the alleged defamation, which, she argues, tolls the statute of limitations because she mistakenly asserted her claim in good faith in the wrong forum.  (Id. at 8-9.)  Plaintiff further argues that the Court should draw an analogy to medical malpractice cases and find that her cause of action did not accrue until June 2009 because she "could not have known of her defamation claim having a separate and extremely limited statute of limitations until she learned of the existence of this claim from her counsel."  (Id. at 10.)  According to plaintiff, the Court should not grant

---

[3] Plaintiff states that the three instances of defamation alleged in the complaint are "not an exhaustive list."  (Pl.'s Reply Mem. 7.)  However, she has not identified any other allegedly defamatory statements or stated when they occurred.

defendants' motion because whether she acted reasonably in filing her complaint in August 2009 is for the jury to determine.  (Id.)  The Court addresses each of plaintiff's arguments in turn.

### a. Pendency of an EEOC discrimination claim did not toll the statute of limitations

Although the Pennsylvania Supreme Court has not decided the issue, district courts in this Circuit have held that filing a charge with the EEOC or PHRC does not toll a related state-law claim.  See, e.g., Langan v. Proctor & Gamble Co., No. 3:08-cv-323, 2009 WL 1816950, at *3 (M.D. Pa. June 24, 2009) (citing, inter alia, Johnson v. Ry. Express Agency, 421 U.S. 454 (1975)); see also Barron v. St. Joseph's Univ., No. 01-3063, 2002 WL 32345690, at *6-7 (E.D. Pa. Jan. 17, 2002) ("District courts in Pennsylvania have extended the logic of [Johnson v. Railway Express Agency] in holding that the pendency of a discrimination charge before the PHRC or EEOC does not toll the statute of limitations for related state tort claims.").

The two cases plaintiff cites in support of her position are irrelevant and unpersuasive.  Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260-62 (10th Cir. 1994), held that the statute of limitations for a Title VII claim was not tolled when the district court denied a petition to proceed in forma pauperis but had not ruled on a motion for appointment of counsel.  The other case, Arnold v. Air Midwest, Inc., 100 F.3d 857, 859-61 (10th Cir. 1996), acknowledged that a union member's "good faith attempt to exhaust grievance procedures" could toll accrual of a Railway Labor Act claim but affirmed the district court's ruling that tolling did not apply because there was no evidence of such a good faith attempt.  Neither case considered whether filing a timely discrimination complaint with the EEOC or an equivalent state agency tolls the statute of limitations for a state law tort claim arising from the same facts.

The Court thus concludes that plaintiff's filing of an EEOC complaint did not toll the statute of limitations as to her related state law defamation claim.

### b.     The discovery rule does not apply

The discovery rule is a limited exception to the bar of the statute of limitations.  The discovery rule provides: "[W]here the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible."  Gatling v. Eaton Corp., 807 A.2d 283, 289 (Pa. Super. Ct. 2002).  A court's application of the discovery rule arises out of a plaintiff's "inability . . . despite the exercise of due diligence, to know of the injury or its cause."  Pocono Int'l Raceway v. Pocono Produce, 468 A.2d 468, 471 (1983). As an equitable principle, the discovery rule should be applied only when appropriate and necessary. "Although the purpose of this rule is 'to mitigate . . . the harshness of [a] . . . rigid period of limitations,' it is also true that the rule 'cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists.'" Dalrymple v. Brown, 701 A.2d 164, 167 (Pa. 1997) (quoting Ingenito v. AC & S, Inc., 633 A.2d 1172, 1175 (Pa. Super. Ct. 1993)).

In the defamation context, courts hold that the discovery rule applies and the statute of limitations is tolled when the alleged defamatory statements were uttered in a context in which the plaintiff could not have known about them.  See Smith, 437 F. Supp. 2d at 306 (statements made outside plaintiff's presence and plaintiff had "little or no reason to suspect" they had been made); Barron, 2002 WL 32345690, at *8 (statements made prior to plaintiff's termination and plaintiff only learned about them after her employment ended); Giusto v. Ashland Chem. Co., 994 F. Supp. 587, 594 (E.D. Pa. 1998) (statements made by former co-worker when record unclear "when plaintiff became aware, or should have become aware" that former co-worker had uttered them).  However, courts decline to apply the discovery rule when the plaintiff was

present when the statement was uttered, knew that the statement had been published, or could have learned of the statement's publication with due diligence.  See Wolk v. Olson, 730 F. Supp. 2d 376, 378-79 (E.D. Pa. 2010) ("defamatory statement disseminated through . . . a website, and received by tens of thousands of readers"); Barrett v. Catacombs Press, 64 F. Supp. 2d 440, 445-46 (E.D. Pa. 1999) (alleged defamatory material "published, advertised and distributed freely to any willing purchaser"); Bradford v. Am. Media Operations, Inc., 882 F. Supp. 1508, 1517-19 (E.D. Pa. 1995) (article published in "widely circulated weekly publication"); Gallucci v. Phillips & Jacobs, Inc., 614 A.2d 284, 288-89 (Pa. Super. Ct. 1992) (defamatory statements that plaintiffs knew had been made, even though plaintiffs did not know "specific content").

Unlike the plaintiffs in Smith, Barron, and Giusto, plaintiff relies solely on her unawareness that she had a cause of action until after she retained an attorney in late 2008.  The relevant inquiry, even in the medical malpractice cases cited by plaintiff, is when plaintiff knew of her injury, not when she became aware that a defamation claim existed.  See Gatling, 807 A.2d at 289; see also Bradley v. Ragheb, 633 A.2d 192, 195-96 (Pa. Super. Ct. 1993) (medical malpractice case), abrogated by Fine v. Checcio, 870 A.2d 850, 860 n.4 (Pa. 2005).  Plaintiff has not alleged that any of these statements at issue occurred outside her presence or that she learned of them any later than November 2007.  See Gee v. CBS, Inc., 471 F. Supp. 600, 635 (E.D. Pa. 1979) ("Where plaintiffs' pleadings clearly show that the statute of limitations would otherwise be a bar, it must, by logic, be part of plaintiffs' further pleading burden to allege facts, which are taken as true for purposes of the motion, to justify tolling the statute of limitations.").  In addition, plaintiff admits in her brief that she knew of the statements no later than November 2007 and believed them to be defamatory at that time: "Plaintiff timely noticed all defendants that these instances had defamed her, first in person when she stated to Paul during their

termination meeting that he was slandering her and that she would retain an attorney and also immediately upon her filing of a pro se charge of discrimination with the EEOC," on December 13, 2007. (Pl.'s Reply Mem. 8.)

For the reasons discussed above, the Court determines that the discovery rule does not apply in this case.

### c. Plaintiff's discovery-rule argument does not present any factual issue for a jury

According to plaintiff, "it is a matter for the jury to decide if [she] was reasonable in waiting until she learned from counsel . . . that she also had a pendent state claim for defamation." (Pl.'s Reply Mem. 11.) "The point of time at which the injured party should reasonably be aware that he or she has suffered an injury is generally an issue of fact to be determined by the jury." Sadtler v. Jackson Cross Co., 587 A.2d 727, 732 (Pa. Super. Ct. 1991). However, "where the facts are so clear that reasonable minds cannot differ," the running of the statute of limitations is an issue of law. Id.

In this case, there is no issue of fact. Plaintiff's Complaint admits that she was present when the statements were uttered or that, at the very latest, she learned about them shortly afterward. In addition, she states in her reply brief that she told defendant Paul he was slandering her during her termination meeting on November 1, 2007. On this issue, plaintiff relies solely on the meritless theory that the statute of limitations did not begin to run until her attorney advised her about a possible defamation claim in June 2009. There is no "genuine issue of material fact as to the timing of plaintiff's discovery of [her] injuries." See Smith, 437 F. Supp. 2d at 306. Thus, plaintiff is not entitled to have a jury determine whether she reasonably waited until August 2009 to file her Complaint.

## V.     Conclusion

Plaintiff's defamation claim against the DaVita employees is barred by Pennsylvania's one-year statute of limitations for defamation actions. The accrual of her cause of action was not tolled by her EEOC complaint or by the discovery rule. Accordingly, the Court grants Defendants' Motion for Judgment on the Pleadings as to Count VII of the Complaint.

An appropriate Order follows.